19 F.3d 21
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Girvies L. DAVIS, Plaintiff-Appellant,
v.
Delbert MARION, Defendant-Appellee.
 No. 92-4082.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 5, 1994.
Decided Feb. 22, 1994.
 
 1
 Before EASTERBROOK, RIPPLE, Circuit Judges, and MIHM, Chief District Judge.*
 
 ORDER
 
 2
 This matter comes before the Court from a judgment entered in the Southern District of Illinois in favor of Plaintiff Girvies L. Davis and against Defendant Delbert Marion in the amount of $5,550.
 
 
 3
 On June 8, 1982, Davis filed an amended and supplemental complaint pursuant to 42 U.S.C. Sec. 1983 for a violation of his rights under the Fourth and Fourteenth amendments to the Constitution. Davis alleged that Marion, an East St. Louis Police Officer, used excessive force subsequent to the arrest of Davis.
 
 
 4
 On September 23, 1992, a bench trial was held wherein the magistrate judge found for Davis and against Marion. The magistrate judge awarded Davis $5,500 in compensatory damages, but denied a request for punitive damages. On November 30, 1992, the magistrate judge denied a motion for reconsideration by Davis pursuant to Federal Rule 59. On December 17, 1992, Davis filed a notice of appeal with this Court.
 
 
 5
 A detailed statement of the facts in this case is not necessary. The sole issue before this Court on appeal is whether the magistrate judge applied the proper legal standard when he denied Plaintiff Davis's request for punitive damages.
 
 
 6
 The trier of fact may award punitive damages in a cause of action brought pursuant to 42 U.S.C. Sec. 1983 upon a determination either that the defendant's conduct was "motivated by evil motive or intent, or [that] it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640 (1983); Stachniak v. Hayes, 989 F.2d 914, 928 (7th Cir.1993); and Coulter v. Vitale, 882 F.2d 1286, 1289 (7th Cir.1989). Ultimately, an award of punitive damages in a 1983 cause of action lies at the discretion of the trier of fact. Smith, 461 U.S. at 52, 103 S.Ct. at 1638. The trier of fact needs only to make a factual finding that the defendant's conduct comported with the requisites of the above legal standard to justify an award of punitive damages. Smith, 461 U.S. at 52, 103 S.Ct. at 1638. Put another way, the trier of fact may not award punitive damages unless the ultimate factual question of whether the defendant's conduct was motivated by evil intent or callous indifference to the federally protected rights of the plaintiff is answered in the affirmative. Only after this determination is made does the trier of fact have the discretion to award punitive damages in a Sec. 1983 cause of action. Therefore, the trier of fact's determination on whether or not to award punitive damages necessarily requires a factual determination be made using the legal standard set forth in the Smith case.
 
 
 7
 The issue of whether a proper legal standard was applied is a question of law requiring de novo review. Oddi v. Ayco Corp., 947 F.2d 257, 261 (7th Cir.1991).
 
 
 8
 In his written opinion on the issue of punitive damages, the magistrate judge simply wrote: "Although Defendant acted unreasonably, he did not act maliciously toward Plaintiff." The magistrate judge cited no authority and provided no further factual analysis in denying punitive damages. This Court is aware that an award of punitive damages is within the discretion of the trier of fact and that the magistrate judge was the trier of fact in this case. The question before this Court, however, is whether the proper legal standard was applied to the facts of this case. Obviously, the magistrate judge applied a "malicious" standard on this issue. What is not apparent from the opinion, however, is whether the magistrate judge was aware that punitive damages could be awarded to a Sec. 1983 plaintiff where the trier of fact finds that the defendant acted with callous indifference to the federally protected rights of the plaintiff. While punitive damages are discretionary, the decision on whether to award them must be decided vis a vis the appropriate legal standard.
 
 
 9
 Therefore, this Court REMANDS this case to the United States Magistrate Judge for a determination on the issue of punitive damages applying both of the legal components of the legal standard set forth in the Smith and Stachniak cases cited above. The Court expresses no opinion as to whether punitive damages would be appropriate. That is a matter to be determined by the trier of fact.
 
 
 
 *
 The Honorable Michael M. Mihm, Chief District Judge from the Central District of Illinois, is sitting by designation